## Ryburn v. Nail.

### RYBURN AND DOSS .V. NAIL.

The defendant has a right, under the provisions of the 12th section of the act of 1848, concerning proceedings in the District Courts, to file his answer at any time before the plaintiff has taken his judgment by default.

Where the maker and indorser of a promissory note were jointly sued, and the maker failed to appear and answer, the indorser appeared on the fifth day of the term and answered; same day plaintiff took judgment by default against both. In the Supreme Court the judgment as to the maker was affirmed, but as to the indorser was reversed and cause remanded for further proceedings.

Error from Grayson. The defendant in error brought suit against the plaintiffs in error, the one, Ryburn, as the maker, and the other, Doss, as the indorser of a promissory note. On the fifth day of the term next after the service of process the defendant Doss appeared and filed his answer, containing exceptions to the petition for the want of diligence sufficient to charge him as indorser, and also a general denial.

After the filing of this answer, on the same day, the court proceeded to call the cause for trial, and on motion of the plaintiff's attorney gave judgment by default against the defendant, notwithstanding the answer, because it had not been filed prior to the fifth day of the term. To the rendition of this judgment the defendant objected, but his objections were overruled. He then moved for a new trial and in arrest of judgment, but these motions were also overruled. To reverse the judgment, the defendants joined in prosecuting this writ of error.

*Everts*, for plaintiffs in error. The answer of the defendant is in time if filed before judgment by default be rendered. (Houston *v.* Robertson's Ex'rs, 1 Tex. R., 523; Cook *v.* Beasley, Id., 591; Wooldridge *v.* Brown, Id., 478.)

[306] WHEELER, J. The only question is as to the right of the defendant to file his answer at any time after the fourth day of the term, before judgment by default shall have been taken.

This right is supposed to be denied by the 12th section of the act of 1848, (p. 108,) concerning proceedings in the District Courts, which prescribes the time when judgment by default may be taken.

The object of this section was to enable a plaintiff to obtain judgment against a defendant who would not answer to the action. The literal sense of the words may be thought to favor the construction contended for. But the rule is that the intention of the law-makers will always prevail over the literal sense of terms. (1 Kent, 462.) That evidently was to give the right of taking judgment at any time after the fourth day, if the answer be not filed. But we cannot suppose it to have been intended to deny to the defendant the right to file an answer after the fourth day, when no judgment had been taken by the plaintiff. The object of the statute was not to regulate the time or to prescribe rules of pleading, but simply to enable the plaintiff to obtain judgment when the defendant refuses or omits to plead. It is not to be regarded as a statute regulating pleadings, but the taking of judgments by default in the absence of pleading.

It surely could not have been intended to require diligence of the defendant only, and for the want of it to cut off his rights, while it gave to the plaintiff the privilege of delaying the assertion of his indefinitely. A consequence so unreasonable could not have been contemplated.

It can work no wrong to the plaintiff that the defendant is allowed to file his answer at any time before he shall have asserted his right of taking judgment. At any time after the fourth day of the term he may conclude the defendant's right to answer by taking judgment; but until he shall have done so, the defendant ought to be allowed to file his answer.

The question was considered upon a similar statute in the case of Davidson *v.* Wheat, (2 Tex. R., 196.) We then held [307] that, until judgment by

default shall have been taken, the answer ought to be received; and we are still of the same opinion.

As to the defendant Ryburn, who failed to answer. there appears no error in the judgment, and it is therefore affirmed. But as to the defendant Doss, who had filed his answer before judgment by default was taken, the judgment is reversed and the cause remanded for further proceedings.

Ordered accordingly.